IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GOODNES CHANDLER, SR., #1511856, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0089-N (BK) |
| | § | (consolidated with 3:12-CV-0127-N) |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On April 7, 2008, Petitioner was convicted of possession of cocaine and was sentenced to 17 years' imprisonment. *State v. Chandler*, No. 22,499 (354th Judicial Dist. Court, Hunt County, 2008). Petitioner did not appeal, but he filed two state habeas applications, on November 3, 2008, and on August 24, 2011, respectively. The Texas Court of Criminal Appeals denied the first application on December 17, 2008, and dismissed the second as a successive petition on November 16, 2011. *Ex parte Chandler*, Nos.WR-71,170-01 and -03 (SHCR-01 and -03).[1]

---

[1] "SHCR-01" and "SHCR-03" followed by the page number, refer to the State Habeas Clerk's Records in Nos.WR-71,170-01 and -03.

Thereafter, on December 29, 2011, Petitioner filed the federal petition presently at issue, along with motions for discovery and for an evidentiary hearing. In five grounds, he alleges ineffective assistance of counsel and violations of the Interstate Agreement on Detainers Act (I.A.D.A.) and due process of law. (Doc. 2 at 7-8, 10). Respondent filed a preliminary response, addressing the one-year statute of limitations and equitable tolling. Petitioner submitted a reply raising a state created impediment and renewing his requests for discovery and an evidentiary hearing.[2]

## II. ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review," and from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[2] Petitioner initially filed this case in the United States District Court for the Southern District of Texas, which subsequently transferred it to this Court. For purposes of this recommendation, the federal petition is deemed filed on December 27, 2011, the earliest possible date on which Petitioner could have handed his petition to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system). Although Petitioner was released on parole after filing his petition (Doc. 22, 23), he remains in custody for purposes of the habeas corpus statute. *Fox v. Dutton*, 406 F.2d 123, 123 (5th Cir. 1968) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963) (holding state prisoner on parole was in custody on unexpired sentence). The Court will not address Petitioner's sixth ground (alleging denial of access to the court while at the Hunt County Jail) because it was previously severed from this action. (Doc. 1 at 10; Doc. 12).

the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(A) and (B).  Subsections 2244(d)(1)(C)-(D) are inapplicable here.[3]

Date Judgment Became Final

Petitioner's conviction became final on May 7, 2008 – thirty days after the April 7, 2008, judgment.  *See* TEX. R. APP. P. 26.2(a)(1).  Thus, the one-year limitations period began running on May 8, 2008.  As of November 3, 2008, the day on which Petitioner filed the first state application, 179 days of the one-year limitations period had elapsed.  The first application remained pending until its denial on December 17, 2008, during which time the one-year period was statutorily tolled.  *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of limitations period during pendency of state habeas proceedings).  The one-year period resumed running on December 18, 2008, and expired 186 days later on June 22, 2009.  Statutory tolling is unavailable during the pendency of the second state application, which was filed in 2011, long after the one-year period had elapsed.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).[4]  Therefore, the federal petition, deemed filed as of December 27, 2011, more than three and one-half years after the one-year period had elapsed, is time barred under 2244(d)(1)(A) absent equitable tolling.

---

[3] Petitioner does not base his grounds on any new constitutional right under subparagraph (C).  Moreover, the Court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final.

[4] Nor does Petitioner's 2009 motion for leave to file petition for writ of mandamus, *see In re Chandler*, WR-71,170-02, provide any basis for statutory tolling.  *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (holding that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision).

State Created Impediment

Relying on 28 U.S.C. § 2244(d)(1)(B), Petitioner alleges five instances that he claims impeded the timely filing of his federal petition. (Doc. 20 at 3-8). To invoke section 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, 5-6 (N.D. Tex. Jan 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Thus, a petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

First, Petitioner asserts "[t]he assistant prosecutor impeded [him] from filing [his federal petition] . . . by . . . fraudulent[ly] conceal[ing] . . . [Petitioner's] notice and request for speedy trial and final disposition . . . [under] the I.A.D.A. . . . [, which] was directly material to petitioners [sic] pre-trial motion to dismiss the indictment for a I.A.D.A. violation." (Doc. 20 at 3). According to Petitioner, the assistant prosecutor "lie[d] to the trial court judge . . . [when he stated] that he [had] never received any such notice or request, and then submitt[ed] volu[n]tary discovery that excluded receipt of [Petitioner's] request for trial under the I.A.D.A." *Id.* In support, Petitioner submits a certified mail receipt, received in 2011, from the Ohio Department of Rehabilitation and Corrections, establishing that the Hunt County District Attorney had received Petitioner's request for speedy trial under the I.A.D.A. in 2007, long before his guilty

plea. *See* Exhibit F attached to second state application, SHCR-03 at 73-87.[5]

Petitioner alleges two additional impediments related to the purported I.A.D.A. violation. He asserts the trial judge failed to hear and rule on his pretrial motions to suppress evidence and for discovery, and defense counsel failed to investigate the I.A.D.A. violation before Petitioner was extradited to Texas. (Doc. 20 at 4-6).

At the outset, the Court notes that Petitioner's first and third arguments in support of a state-create impediment are identical to the third and fourth ground in his federal petition. (Doc. 1 at 7-8). Even assuming the above occurrences constituted unconstitutional state actions, they did not prevent Petitioner from filing a timely federal habeas petition. All three events arose pretrial, long before Petitioner's guilty plea and judgment of conviction in April 2008. In addition, Petitioner does not allege, much less establish, a causal link between each occurrence and his inability to file a timely federal petition during the one-year limitations period. His pleadings are silent as to how pretrial events (which occurred in late 2007 or early 2008) kept him from filing a section 2254 petition during the one-year federal limitations period, which did not expire until June 2009. While Petitioner received the certified mail receipt in early 2011(the alleged newly discovered evidence), he does not explain why he did not request the information from the Ohio Department of Corrections earlier.

Next, Petitioner asserts (as he does in the fifth ground of his federal petition (Doc. 1 at 10)) that the Hunt County District Clerk twice "printed and sold [him] . . . fraudulent document[s]," namely incomplete and inaccurate docket printouts that failed to include 2007

---

[5] Along with his federal petition, Petitioner submitted copies of his first and second state applications and exhibits attached thereto. (Doc. 5).

docket entries. (Doc. 20 at 6). It is unclear if both instances occurred in 2011. *See* Exh. I attached to second state application, SHCR at 103-34. Nevertheless, Petitioner again fails to allege how the allegedly incomplete docket printouts prevented the timely filing of his federal petition during the one-year period. As with his prior claims, Petitioner's pleadings fail to establish a link between the allegedly incomplete printouts and Petitioner's inability to file a timely federal petition.

Lastly, Petitioner asserts the Buster Cole Transfer facility, where he was confined when he filed his first state application, had an "inadequate and deficient law library because [it] did not have access to the A.E.D.P.A. or any federal case law." (Doc. 20 at 7). However, Petitioner's allegations are conclusory. He neither identifies how long he was confined at the Buster Cole Transfer facility, nor states how he was denied adequate access to the AEDPA or any federal case law. *Id.* In addition, Petitioner does not allege a causal link between the alleged denial of access to the AEDPA and federal case law and his inability to file a timely federal petition. His pleadings are completely silent as to how the denial of access to the AEDPA and federal case law prevented him from filing a timely section 2254 petition. *See Krause*, 637 F.3d at 561-62 (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing habeas petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing timely habeas application).

Based on the above analysis, the Court concludes that Petitioner cannot establish a state created impediment under section 2244(d)(1)(B).

**B. <u>Equitable Tolling</u>**

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to

equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited almost six months before he filed his first state habeas application. His lack of diligence did not end there. Following the denial of his state application, Petitioner delayed more than two and one-half years before he mailed the federal petition in this case.

Moreover, apart from generalized statements in support of equitable tolling, Petitioner does not explain the reason for the lengthy delays in his case. (Doc. 20 at 1, 3, 9). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable

tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.  It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

C. **Motions for Discovery and Evidentiary Hearing**

In this Reply, Petitioner renews his requests for discovery and for an evidentiary hearing, which he submitted along with his federal petition.  (Doc. 3, 4, 20).  He claims that he "did not receive a full and fair hearing in [his] state court proceedings" because "[t]he trial court judge never ruled on his pre-trial discovery request" and did not "make any findings of fact or . . . conclusions of law during [his] state habeas corpus proceedings."  (Doc. 3 at 1; *see also* Doc. 4 at 1).  However, having recommended dismissal of the federal petition as time barred, Petitioner's motions for discovery and for an evidentiary hearing should also be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED August 23, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE